■ STATE-WIDE INSURANCE COMPANY, Appellant, v. DANIEL MURDOCK et al., Respondents.— In a proceeding pursuant to CPLR 7503 (subd. [c]) to stay arbitration which respondent Murdock had demanded of petitioner and respondent Commercial Union Insurance Company, petitioner appeals from an order of the Supreme Court, Queens County, dated June 12, 1968, which granted respondents' separate motions to confirm the report of a Special Referee, vacated a temporary stay of arbitration as between respondent Murdock and petitioner, and permanently stayed arbitration as between the two respondents. Order reversed, on the law and the facts, with one bill of costs against respondents jointly; respondents' said motions denied; arbitration as between respondent Murdock and petitioner permanently stayed; the temporary stay of arbitration as between respondents vacated; and arbitration shall proceed between respondents. In our opinion, where a panel truck had stalled and the operator had raised the hood of the motor to attempt to start the engine and a passenger alighted from the truck to walk toward the front

of the truck and was struck by a hit-and-run vehicle within four or five seconds after alighting from the truck, the passenger was "occupying" the truck within the meaning of section 617 of the Insurance Law and the New York Automoble Accident Indemnification Endorsement on the insurance policy which covered the truck and on the separate policy which covered the passenger. Beldock, P. J., Benjamin and Munder, JJ., concur; Christ and Martuscello, JJ., dissent and vote to affirm the order, on the opinion of the Special Term.