City of Cincinnati, Appellee, *v.* Reichman, Appellant.
[Cite as Cincinnati v. Reichman (1971),
27 Ohio App. 2d 125.]

(No. 11335—Decided March 22, 1971.)

Mr. *William A. McClain,* Mr. *Ralph E. Cors* and Mr. *Hugh O. Frost II,* for appellee.
Mr. *Bernard J. Gilday, Jr.,* and Mr. *James R. Rimedio,* for appellant.

Hess, P. J. This is an appeal from the conviction of Joyce Reichman, defendant and appellant herein, by the Hamilton County Municipal Court on the charge of disorderly conduct.

It appears from the record that at about 1:00 p. m. on March 7, 1970, a group of approximately two hundred and fifty people assembled at Fountain Square, Cincinnati, Ohio, following a rally earlier at Fifth and Main Streets, about one city block from Fountain Square. A portion of the same group assembled at Fountain Square carrying banners and shouting slogans in keeping with the causes they espoused. A number of police officers were at the scene observing the tenor of the assembled crowd.

As the crowd increased at the flag pole on Fountain Square, a juvenile cut the ropes holding the American flag in its position on the flag pole. Two police officers dres-

sed in civilian clothes moved to the flag pole, arrested the juvenile and proceeded to lead him about one hundred feet toward the intersection of Fifth and Vine Streets. While so doing, officers were set upon by a number of individuals and a general melee ensued resulting in the arrest of Michele Brown on the charges of disorderly conduct and resisting an officer; Jeffrey Berliner on the charge of resisting an officer; David Hoffman on the charge of disorderly conduct; and Joyce Reichman, the defendant, on charges of disorderly conduct and resisting an officer. Defendant's motion to dismiss the charge of resisting an officer was sustained by the trial court.

After demand for trial by jury, Michele Brown, Jeffrey Berliner, David Hoffman and Joyce Reichman were called for trial jointly on May 5, 1970. Prior to the jury being impanelled and sworn, counsel for defendant presented a motion for a separate trial. This motion was overruled and the defendants proceeded to trial. On May 25, 1970, the jury returned a verdict of guilty as charged (disorderly conduct), and sentence was imposed.

The defendant, hereinafter referred to as appellant, presents two assignments of error: (1) the trial court erred to the substantial prejudice of appellant in denying her motion for a separate trial and in ordering her to stand trial with three others accused of the same and other crimes; and (2) the trial court erred to the substantial prejudice of appellant in failing to instruct the jury on an essential element of the crime charged, to-wit, wilfulness, said error of omission having been specially and specifically called to the trial court's attention.

The thrust of the first assignment of error is that the trial court should have granted appellant's motion for a separate trial.

The affidavit or charge upon which the appellant went to trial was signed by Lelius Rarden, a police officer of the city of Cincinnati and reads as follows:

"Lelius Rarden, being first duly cautioned and sworn, deposes and says that Joyce Reichman on or about March 7, 1970, in the city of Cincinnati, Hamilton County and state of Ohio, did unlawfully and wilfully conduct herself

in a disorderly manner, with intent to annoy some person, contrary to and in violation of Section 901-d 4 of the Code of Ordinances of the city of Cincinnati.''

The pertinent part of Section 901-D 4 provides: ''It shall be unlawful for any person to wilfully conduct himself, or herself, in a noisy, boisterous, rude, insuling, or other disorderly manner, with intent to abuse or annoy any person or the citizens of the city or any portion thereof, or to disturb the peace, good order and quiet of the city, by provoking or engaging in a fight or quarrel, or to permit or suffer such act or acts made unlawful herein to be committed on or about his or her house, or any premises attached thereto * * * .''

It will be observed that the affidavit charging the appellant under Section 901-D 4 does not charge her with aiding or abetting the other three defendants in the commission of any offenses they may have committed.

The first assignment of error presents the question whether the overruling of the motion presented by the appellant for a separate trial is prejudicial error.

In the case of *Toledo* v. *Bader,* 58 Ohio App. 143, seventy three persons were charged in one affidavit with unlawfully loitering about a gambling house. There was a joint trial of all the defendants, and all the defendants were convicted. In the instant case, there are four defendants, but the legal conclusion must be the same regardless of the number of defendants and absent the elements of aiding and abetting.

In *Toledo* v. *Bader, supra,* the court reasoned as follows: ''The omnibus procedure followed in the trial court may have been the easy way, but the longest way around is sometimes the shortest way home. Each individual charged with having committed a crime individually and alone, even though simultaneous with like offenses by other individuals, is entitled to be tried and to make his defense unhampered by what the evidence may develop as to other persons on trial charged with like offenses.'' Paragraph one of the syllabus of that case reads as follows:

''Loitering in a gambling house, in violation of a city ordinance, is necessarily an individual offense and it is re-

versible error to deny separate trials to a group of persons jointly charged with that offense and to impose a cover-all sentence on them collectively.''

In the instant case we are not concerned with a cover-all sentence.

In the case of *Schmeller* v. *United States* (C. C. A. 6), 143 F. 2d 544, Judge Florence Allen expressed the opinion of the Sixth Circuit Court of Appeals on the subject of consolidation of criminal cases when she wrote, at 550:

"The gain in speed and economy of trial which results from the consolidation of criminal cases is often offset by the disadvantage at which the defendants are placed by the consolidation. The trial court has the obligation of safeguarding the rights not only of the government but also of the individuals accused and must see to it that such rights are not jeopardized by the consolidation for trial of numerous cases.''

Counsel for the appellee cite the cases of *State* v. *Perod*, 15 Ohio App. 2d 115, *State* v. *Thomasson*, 46 O. O. 402, and *State* v. *Richardson*, 39 Ohio Law Abs. 608 at page 610, in support of its contention that the ruling on the motion of the appellant for a separate trial must lie in the discretion of the trial court, based upon those facts and circumstances presented to it. Those cases are readily distinguishable from the instant case in that they deal with joint indictments, not charges on individual affidavits alleging a misdemeanor.

The facts of each particular case must determine whether the court abuses its discretion in not granting a separate trial on the motion of a codefendant. Abuse of discretion in refusing a separate trial must affirmatively appear from the record. The appellant was not a codefendant.

In the instant case, the transcript of the testimony covers 1,291 pages, of which less than twenty per cent concerns the appellant. The argument in support of the motion for separate trial by counsel for appellant fully indicated the difficulty a jury would encounter in determining which portion of the evidence should apply to the individual charge against the defendant. The photographs

received in evidence depict scenes of many individuals and groups of individuals who had no relationship to the individual charge of disorderly conduct lodged against the appellant.

We are persuaded from the record that the trial court committed error prejudicial to the appellant in overruling her motion for a separate trial. Having so determined, there is no necessity to consider the other assignment of error.

For the reasons given, the conviction of the appellant is reversed and this cause remanded to the Hamilton County Municipal Court for a separate trial.

*Judgment reversed.*

SHANNON and YOUNG, JJ., concur.