Robson, Appellee, *v.* Lightning Rod Mutual Insurance Company, Appellant.

(No. 78AP-321—Decided September 28, 1978.)

*Messrs. Federico, Myers & Enz,* and *Mr. Mason Evans,* for appellee.

*Messrs. Siemer & Boynton,* for appellant.

McCormac, J. Plaintiff commenced a declaratory judgment action in Franklin County Common Pleas Court alleging that, as a result of an accident involving an uninsured motorist, he was eligible for benefits under the uninsured motorist coverage of policy No. LA73666, issued to John D. Zaleski, and that defendant refused to acknowledge coverage. Plaintiff demanded that the court declare the respective rights of the parties and determine if uninsured motorist coverage is available for plaintiff.

Defendant answered, admitting that plaintiff was struck and injured by an uninsured motorist at the time in question, but denying that coverage under the policy is applicable to plaintiff.

Plaintiff moved for summary judgment, attaching in support thereof an affidavit of plaintiff, stating that plain-

tiff was a passenger in an automobile operated by John D. Zaleski, and that, while en route to another location, Zaleski and he stopped at plaintiff's house to pick up a stereo. Plaintiff stated that he was placing the stereo in the open trunk of Zaleski's vehicle and moving other items in the trunk, when he was struck from the rear by an automobile operated by an uninsured motorist.

Plaintiff's version of the accident is not contested, nor is the fact that Zaleski was insured by defendant under a policy containing uninsured motorist coverage extending to any person "occupying" the insured vehicle. The policy defines occupying as "in or upon, entering into or alighting from."

There are no disputes of facts. The sole question is whether or not plaintiff was "in or upon, entering into or alighting from" the insured vehicle while loading the stereo set into the trunk of the automobile prior to proceeding to another location as a passenger in the automobile.

The trial court made an excellent analysis of the issue and found that plaintiff fitted in the policy definition of "occupying" the vehicle at the time the injury was inflicted and granted a judgment in favor of plaintiff. (59 Ohio Misc. 61.)

Defendant has appealed, setting forth the following assignments of error:

"I. The trial court erred in finding that plaintiff-appellee was 'upon' or 'entering into' the vehicle insured under the insurance policy issued by defendant-appellant.

"II. The court erred in holding as a matter of law and in finding that the plaintiff-appellee was an insured under the insurance policy issued by defendant-appellant to John D. Zaleski in covering the automobile into which plaintiff-appellee had loaded a stereo.

"III. The trial court erred in granting final judgment to plaintiff-appellee and against defendant-appellant."

Appellant's assignments of error are combined for discussion as they are interrelated.

Appellant argues that the case should not be decided based upon appellee's use of the automobile, since he was not the named insured, but his status as an insured should be based upon his use—i. e., his "occupying" the vehicle.

Occupying, defined as "in or upon, entering into or alighting from," has been the subject of repeated litigation in the area of uninsured motorist and medical payment coverage. Cases involving the interpretation of whether a person is "occupying" a vehicle are compiled in Widiss, A Guide To Uninsured Motorist Coverage 32, Section 2.11 (Supp. 1978), and the annotation, *Automobile Insurance: When is a person "occupying" an automobile within meaning of medical payments provision?* 42 ALR 3d 501.

In studying the spectrum of factual situations which have arisen, it is apparent that determining whether a person is "occupying" a vehicle is not as easy as it might appear at first blush. For example, in the instant case, plaintiff was partially "in" the insured vehicle as one or both of his arms and part of his upper body was extended into the trunk of the vehicle. Appellee concedes that had plaintiff's entire body been in the trunk, even though in an unusual portion of the vehicle, that plaintiff would fit within the coverage. When a person is "entering into or alighting from" a vehicle is not always easy to determine. Has one completed alighting from a vehicle when he is no longer in contact with the vehicle? When does one commence entering a vehicle—as he approaches the car or when he actually makes contact with the car? These and other similar questions have been analyzed by appellate courts throughout the country with varying results.

In construing the case, there appear to be three possible approaches taken in deciding whether there is coverage.

The first method of construction is a rather strict interpretation of the word "occupying" as defined in the policy. By that method one would be held to be "in" the automobile or "entering or alighting from" the vehicle only when he is actually in that position, as these terms are understood by the average person and as the words are taken in their plain, ordinary and popular sense. By this construction, the words are held to be plain and unambiguous and resort is not given to interpretation by rules of liberal construction. *Christoffer* v. *Hartford Accident & Indemnity Co.* (Cal. Super. 1954), 267 P. 2d 887. Using this

approach, some courts would probably hold that plaintiff was not "in" or "entering into" the insured vehicle when injured in the instant case. Even by this approach, it could be held that plaintiff was "in" the vehicle as part of his body was in the trunk.

Under the second method of construction, "occupying" would be liberally construed in the endorsement so as to provide coverage, whenever possible, recognizing that there are gray areas in the determination of whether a person is "occupying" a vehicle. Professor Widiss, in analyzing decisions taking this approach, states that they "* * * seem to be defining coverage either in terms of a reasonable geographic perimeter around an insured vehicle, or a kind of relationship between the vehicle and the claimant—such that so long as the drivers or passengers are within that area or engaged in a task related to the operation of the vehicle they are within the scope of the coverage. * * *" *Widiss, supra,* at 35.

Applying this method to the facts of this case, coverage would apply as plaintiff was related to the vehicle as a passenger both immediately before and immediately after the event and was engaged in a task related to the operation of the vehicle—loading the stereo in the trunk.

In a third group of cases, the courts have found physical contact with the insured vehicle to be necessary before one is eligible for coverage under a requirement that one occupy the vehicle. *Green* v. *Farm Bureau Mut. Auto Ins. Co.* (1954), 139 W. Va. 475, 80 S. E. 2d 424. In the instant case, the affidavit does not specifically describe the physical contact with the insured vehicle, but a reasonable interpretation of the affidavit would lead one to believe that plaintiff had some physical contact with the automobile at the time the injury occurred.

We believe that the determination of whether the vehicle was "occupied" should be based on an anaylsis of the relationship between the vehicle and the claimant within a reasonable geographic perimeter, where a gray area exists concerning whether a person was "in or upon, entering into or alighting from" an insured vehicle. We apply that

rule for two reasons. First, while the words "in or upon, entering into or alighting from" do not appear to be ambiguous when taken in a vacuum, they are ambiguous when determining the scope of coverage in fact situations such as we have in this case. "Language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer." *Buckeye Union Ins. Co.* v. *Price* (1974), 39 Ohio St. 2d 95 (syllabus).

We reject a strict rule of construction as it is not clear at just which point a person is "in" or "entering into or alighting from" a vehicle. Hence, liberal construction should be used to define those words in order to determine the extent of coverage. We reject "the physical contact" rule as it is an arbitrary rule which may result in the frustration of coverage in bona fide cases such as where the person was in the process of entering the vehicle but was still a hand's length away from contacting the vehicle at the time of the injury, and may allow recovery in other cases where there was no reasonable relationship between the one injured and the vehicle.

An Ohio Court of Appeals held that a plaintiff was "occupying" a vehicle when he was injured while in the process of placing a tire, which he had just removed, into the trunk of the vehicle. See *Madden* v. *Farm Bureau Mut. Auto Ins. Co.* (1948), 82 Ohio App. 111. While it may not have been necessary for the *Madden* court to determine whether plaintiff was "occupying" the vehicle at the time of the accident because he was the driver and his use of the automobile would have qualified him for coverage, the court, by *dicta,* stated that the injured person was "in or upon, entering into or alighting from" the vehicle, while placing an object in the trunk of the automobile.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.