HALTERMAN ET AL., APPELLEES, *v.* MOTORISTS MUTUAL INSURANCE CO. ET AL., APPELLANTS; CARR, APPELLEE.

(No. 42684—Decided July 2, 1981.)

*Mr. Jeffrey L. Shibley* and *Mr. Aaron Ruben,* for appellees Halterman et al.

*Mr. John M. Baker* and *Ms. Carolyn M. Cappel,* for appellant Motorists Mut. Ins. Co.

*Mr. Lewis Einbund,* for appellant Dures.

*Mr. James G. Todoroff,* for appellee Carr.

PATTON, P.J.   This cause comes before this court from an order granting plaintiffs-appellees Sharon Halterman and Edward Delle's prayer for declaratory judgment. The order was designated final pursuant to Civ. R. 54(B) and specifically stated there was no just reason for delay. Defendants-appellants Motorists Mutual Insurance Company ("Motorists Mutual") and Franjo Dures filed this appeal from such adverse ruling.

The facts in this case are not in dispute. On December 3, 1978, appellant Dures was traveling in his automobile on I-90 when he ran out of gasoline. He pulled off onto the berm. Appellees Delle and Halterman stopped to help him. Delle and Halterman went to get gasoline with three dollars that Dures had given them. They returned to Dures and parked Delle's van behind Dures' car. Both helped Dures siphon gas into the tank of his car. Delle held a garden hose into the gasoline inlet and Halterman stood behind Delle, held a flashlight with one hand, and supported the gas can on top of the trunk of the automobile with the other hand. It was stipulated that both Delle and Halterman "helped Mr. Dures hold the gas can out of which gas was being siphoned into the gas tank of the Dures vehicle on the top of the trunk of the Dures vehicle."

While the three were siphoning gas, defendant Jeffrey Carr collided into the

rear of Delle's van pinning Delle, Halterman and Dures between the van and Dures' car causing Delle and Halterman to sustain injuries.

Delle and Halterman (hereinafter referred to as "claimants") brought suit seeking to recover under the uninsured motorist coverage of the insurance policy that Motorists Mutual had issued to Dures. The trial court found Motorists Mutual was liable for their injuries. Motorists Mutual appeals and assigns two errors.

## I

In its first assignment of error Motorists Mutual contends:

"In construing the uninsured motorist provision of an automobile insurance policy, the determination of whether a vehicle was 'occupied' by a claimant at the time of an accident must take into account the immediate relationship the claimant had to the vehicle, within a reasonable geographic perimeter. Where a claimant under uninsured motorist coverage was not, and did not intend, to be a passenger in the insured vehicle for purposes of transportation, and where that claimant was not entering or exiting the vehicle, the trial court erred in finding that the claimant was insured as having 'occupied' that vehicle."

The insurance policy Motorists Mutual had issued to Dures contained a section entitled "Uninsured Motorists Insurance."[1] That section provided that Motorists Mutual would pay all sums which the insured would be legally entitled to recover as damages from the owner or operator of an uninsured vehicle because of bodily injury sustained by the insured. "Insured" was defined, *inter alia,* as any person "while occupying an insured highway vehicle." Occupying "means in or upon or entering into or alighting from" a

vehicle. Motorists Mutual maintains that claimants were not "occupying" the insured vehicle and are therefore not entitled to recovery. While it is readily apparent that they were not "in," "entering into" or "alighting from" Dures' car, it is not clear whether they were "upon" it.

In deciding this case, we start with the proposition that where language in a contract of insurance is reasonably susceptible of more than one meaning, it is to be liberally construed in favor of the insured and strictly against the insurer. *Buckeye Union Ins. Co.* v. *Price* (1974), 39 Ohio St. 2d 95 [68 O.O.2d 56]; *Allstate Ins. Co.* v. *Boggs* (1971), 27 Ohio St. 2d 216 [56 O.O.2d 130]; *Butche* v. *Ohio Cas. Ins. Co.* (1962), 174 Ohio St. 144 [21 O.O.2d 418]; *Napier* v. *Banks* (1969), 19 Ohio App. 2d 152 [48 O.O.2d 263]. Only one case has construed the word "occupying" in Ohio. In *Robson* v. *Lightning Rod Mut. Ins. Co.* (1978), 59 Ohio App. 2d 261 [13 O.O.3d 268], plaintiff was a passenger in an auto operated by the owner of an insured vehicle. While the two were en route to another location, they stopped at plaintiff's house to pick up a stereo. As plaintiff was placing the stereo in the open trunk of the driver's auto, he was struck by an auto driven by an uninsured motorist. Plaintiff sought to recover under the insured vehicle's uninsured motorist coverage provision as one who was "alighting from" or "entering into" that vehicle. In upholding the trial court's award to plaintiff, the Court of Appeals for Franklin County set forth three possible constructions of the word "occupying." The first construction was a strict interpretation where one would be held to be "in" the automobile or "entering or alighting from" the vehicle only where the claimant was actually in that position. The second construction the court found was a liberal construction where the

---

[1] R.C. 3937.18 provides that no automobile liability policy of insurance shall be delivered unless coverage is provided for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles.

claimant would be entitled to recovery if he was either within a reasonable geographic perimeter around the insured vehicle or had a relationship with the vehicle. The third construction required that the claimant be in physical contact with the insured vehicle before he would be eligible for coverage. The court adopted the second construction and found that a relationship between the vehicle and the claimant within a reasonable geographic perimeter must exist. In so holding, the court expressly rejected the physical contact rule as arbitrary and found that it could result in the frustration of coverage in bona fide cases.[2] Although *Robson* did not concern the word "upon," we find its liberal interpretation of "occupying" to be a salutary one. In so finding, we hold that claimants were upon the Dures' auto because they were not only within a reasonable geographic perimeter around the vehicle, but they also had a relationship with the vehicle in that they were siphoning gasoline into it.

Many jurisdictions outside Ohio have interpreted the word "upon" as the term applies in auto insurance policies. See, generally, Annotation, 42 A.L.R. 3d 501; Annotation, 39 A.L.R. 2d 952; Widiss, A Guide to Uninsured Motorist Coverage, Section 2.11 (1969). The general trend appears to be a liberal construction of the word "upon" which encompasses more than being literally on the car where one's entire weight is supported by it. Many of these cases involve claimants who had just alighted from[3] or who intended to enter[4] the car but were not entitled to recovery under the provisions "alighting from" or "entering into." A few cases concern claimants who never were passengers in the auto or had any intention of becoming passengers. Of these cases, some required that the claimant have some actual physical contact with the insured vehicle in order to recover.[5] However, one case has held that even where the claimant was in physical contact with the insured vehicle, he was still not "upon" it. *Pennsylvania National Mut. Cas. Ins. Co.* v. *Bristow* (1966), 207 Va. 381, 150 S.E. 2d 125. In *Bristow*, the claimant was a passenger in a truck when

---

[2] *Robson* relied in part upon *Madden* v. *Farm Bureau Mut. Auto. Ins. Co.* (1948), 82 Ohio App. 111 [37 O.O. 456]. In *Madden,* the claimant had been driving his car when he had to stop to change a tire. After he changed the tire and was in the process of placing the tire in the trunk, he was struck by an uninsured motorist. His insurance policy provided coverage for an injury arising out of the "use" of the auto. The court held that the word "use" included the changing of a tire.

[3] *Cocking* v. *State Farm Mut. Auto. Ins. Co.* (1970), 6 Cal. App. 3d 965, 86 Cal. Rptr. 193; *Christoffer* v. *Hartford Accident & Indemn. Co.* (1954), 123 Cal. App. 2d Supp. 979, 267 P. 2d 887; *Wolf* v. *Am. Cas. Co.* (1954), 2 Ill. App. 2d 124, 118 N.E. 2d 777; *United Farm Bureau Mut. Ins. Co.* v. *Pierce* (1972), 152 Ind. App. 387, 283 N.E. 2d 788; *Hendricks* v. *Am. Employers Ins. Co.* (La. App. 1965), 176 So. 2d 827, writ refused, 248 La. 415, 179 So. 2d 15; *Nickerson* v. *Citizens Mut. Ins. Co.* (1975), 393 Mich. 324, 224 N.W. 2d 896; *Motor Vehicle Accident Indemn. Corp.* v. *Oppedisano* (1964), 41 Misc. 2d 1029, 246 N.Y.Supp. 2d 879; *Katz* v. *Ocean Accident & Guar. Corp.* (1952), 202 Misc. 745, 112 N.Y.Supp. 2d 737; *Lokos* v. *New Amsterdam Cas. Co.* (1949), 197 Misc. 40, 93 N.Y.Supp. 2d 825, affirmed without opinion, 197 Misc. 43, 96 N.Y.Supp. 2d 153; *Young* v. *State Auto. Ins. Assn.* (1949), 72 Pa. D. & C. 394; *Sherman* v. *New York Cas. Co.* (1951), 78 R.I. 393, 82 A. 2d 839; *Moherek* v. *Tucker* (1975), 69 Wis. 2d 41, 230 N.W. 2d 148.

[4] *Goodwin* v. *Lumbermens Mut. Cas. Co.* (1952), 199 Md. 121, 85 A. 2d 759; *McAbee* v. *Nationwide Mut. Ins. Co.* (1967), 249 S.C. 96, 152 S.E. 2d 731.

[5] *American Liberty Ins. Co.* v. *DeWitte* (E.D.S.C. 1964), 236 F. Supp. 636; *Macalusa* v. *Hartford Accident & Indemn. Co.* (La. App. 1977), 343 So. 2d 1217; *Hart* v. *Traders & Gen. Ins. Co.* (Tex. Civ. App. 1972), 487 S.W. 2d 415.

he and the other occupants of the truck noticed a disabled vehicle at the side of the road. Claimant offered his assistance and opened the car's hood to check the wiring. As he was doing this, another vehicle struck the car and claimant was injured. In deciding whether or not claimant was "upon" the car at the time of the collision, the court stated that a person was "upon" a vehicle only when his connection with it immediately related to his "occupying it." The court noted that the claimant had not occupied the auto, nor did he intend to do so. This case has been criticized by Professor Widiss, who found the court's construction of the terms "in" or "upon" questionable.[6] We expressly reject the rationale of *Bristow* and find it ignores the meaning to the word "upon." There would be no point for a policy to include the word "upon" if it were not meant to expand the words "in," "entering into" and "alighting from."[7] "Upon" requires that one be within a reasonable geographic perimeter around the insured vehicle and that he have a relationship with the auto. That is, the claimant must be "vehicle oriented" as opposed to "highway oriented."[8] Claimants herein meet these requirements. They were standing directly next to the auto and they had a relationship with the auto insofar as they were siphoning gasoline into it. It is irrelevant whether or not claimants were in actual physical contact with the auto because the word "upon" does not require that there be such contact.

Accordingly, Motorists Mutual's first assignment of error is overruled.

## II

In its second assignment of error, Motorists Mutual states:

"The policy underlying the Ohio Uninsured Motorists' Statute mandated by R.C. 3937.18 is to protect those policyholders who paid premiums for insurance protection from injury caused by individuals driving uninsured vehicles. The trial court erred in rendering judgment in favor of plaintiffs."

Motorists Mutual's second assignment is not well taken. R.C. 3937.18 does not mandate that Motorists Mutual offer within its policy an uninsured motorist clause that would insure those claimants who were "upon" the insured vehicle. However, Motorists Mutual and Dures contracted for such protection, and Motorists Mutual is therefore liable for injuries sustained to one who was "upon" Dures' auto. Accordingly, Motorists Mutual's second assignment of error is overruled.

*Judgment affirmed.*

DAY and CELEBREZZE, JJ., concur.

---

[6] Professor Widiss notes that the claimant himself was insured and the litigation was between his insurance company and the company insuring the stalled auto. Had he not been covered, Widiss maintains that the unreasonableness of such a decision allowing the insurer to avoid liability would be vividly demonstrated. Widiss, A Guide to Uninsured Motorist Coverage, Section 2.11 (1969).

[7] *Hart, supra,* citing *McAbee, supra.*

[8] The terms "vehicle-oriented" and "highway-oriented" were coined by the court in *Allstate Ins. Co.* v. *Flaumenbaum* (1970), 62 Misc. 2d 32, 308 N.Y.Supp. 2d 447, and cited in *Moherek, supra.*