MORRIS, Grdn., Appellant,

v.

CONTINENTAL INSURANCE COMPANIES et al., Appellees.

[Cite as *Morris v. Continental Ins. Cos.* (1991), 71 Ohio App.3d 581.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP-1153.

Decided March 28, 1991.

*Butler, Cincione, DiCuccio & Dritz* and *Stanley B. Dritz,* for appellant.

*Wiles, Doucher, Van Buren & Boyle* and *W. Charles Curley,* for appellee Continental Insurance Companies.

---

PEGGY BRYANT, Judge.

Plaintiff-appellant, Robert V. Morris, appeals from a judgment of the Franklin County Court of Common Pleas declaring that Paul N. Jenkins, the ward of Morris, is not entitled to recover under an underinsured motorist policy provided by defendant-appellee, Continental Insurance Companies ("Continental"), because Jenkins was not occupying the insured vehicle at the time he was injured.

The facts as related herein are largely undisputed. On February 6, 1982, Tab Trucking Company ("Tab") assigned its employee, Jenkins, to deliver a load of cargo from Haverhill, Ohio, to Columbus. Jenkins began driving the loaded tractor-trailer to Columbus, but became ill en route. As a result, Jenkins surrendered the driving chores to Eddie Thomas, Jr., a passenger in an accompanying truck; Jenkins remained in the truck as a passenger.

About 3:00 a.m. on February 7, 1982, as Thomas was driving northbound on U.S. Route 23 in Ross County, he collided with a car driven by Easkell Byrd, Jr.; Byrd had pulled into the path of the truck from a side road. The impact severed Byrd's car just behind the front seats, and forced the truck into the median of the roadway. The truck came to rest diagonally across the median and the southbound traffic lanes, completely blocking the southbound passing lane and partially blocking the southbound driving lane.

Thomas and Jenkins, who were not injured in the collision, jumped out of the truck and ran back to the northbound lanes where the front half of the car had come to rest. They checked on Byrd's condition, found that he was not seriously injured, and helped him from the car. Thomas and Jenkins then walked over to a northbound pickup truck that had stopped at the accident scene; they each smoked a cigarette as they discussed the accident with the driver of the pickup for a short time.

Thomas arranged for a ride up the road with the driver of a northbound car, because he wanted to notify the driver of the accompanying truck, which had been traveling just ahead of the Tab truck, of the accident. Jenkins got into the passenger compartment of the northbound pickup before Thomas departed, but he did not remain there; rather, Jenkins returned to the southbound roadway near the front of the Tab truck. Within about six minutes of Thomas's departure, while Jenkins was walking or standing in the southbound

roadway, a southbound pickup truck driven by Becky Graham Trusty struck both Jenkins and the bumper of the Tab truck at about the same time. Jenkins was severely injured; as a result, he was unable to testify to the events of that night.

Because Trusty was an underinsured motorist, Morris sought a judgment against Tab and Continental declaring that Jenkins was an insured under the terms of an automobile liability policy Continental issued to Tab, and thus was entitled to recover underinsured motorist benefits from Continental. The trial court found that Continental was obligated to provide underinsured motorist coverage to Tab, and on appeal this court affirmed, remanding the case to the trial court to determine whether Jenkins was "occupying" the Tab truck at the time he was injured. On remand, the trial court adopted the report of the referee, determining that Jenkins was not occupying the Tab truck at the time he was injured.

Plaintiff appeals therefrom, assigning the following errors:

"I. The trial court erred in failing to find that an insurance policy that defines the term 'occupying' as 'in, upon, getting in, on, out or off' is vague and ambiguous.

"II. The trial court erred in interpreting the definition of occupying to mean getting on or getting out.

"III. The trial court erred in allowing defendant-appellee to withdraw a stipulation without a showing of cause.

"IV. The trial court erred in refusing to hold that under the terms of the policy, Jenkins was occupying the tractor-trailer at the time of the accident."

■ Plaintiff's fourth assignment of error addresses the central issue herein and asserts that the trial court erred in refusing to find that Jenkins was occupying the truck within the terms of the Continental policy at the time he was injured. Due to the nature of this action, plaintiff bears the burden of establishing by a preponderance of the evidence that, because Jenkins was occupying the Tab truck at the time he was injured, plaintiff is entitled to benefits. *Inland Rivers Service Corp. v. Hartford Fire Ins. Co.* (1981), 66 Ohio St.2d 32, 20 O.O.3d 20, 418 N.E.2d 1381.

The policy at issue defines "occupying" as "in, upon, getting in, on, out, or off" the insured vehicle.

Plaintiff presented no evidence that Jenkins was "in" or "on" the Tab truck at the time he was injured, nor did plaintiff establish that Jenkins was "getting in" the Tab truck at the time he was injured. See *Kish v. Central Natl. Ins. Group* (1981), 67 Ohio St.2d 41, 51, 21 O.O.3d 26, 32–33, 424 N.E.2d 288, 294–295.

■ Similarly, plaintiff failed to establish that Jenkins was "getting out" of the Tab truck at the time he was injured. While the act of "getting out" of an insured vehicle is not complete until the occupant has reached a place of safety, *Joins v. Bonner* (1986), 28 Ohio St.3d 398, 400, 28 OBR 455, 456–457, 504 N.E.2d 61, 63, Jenkins reached a place of safety in the northbound pickup truck after getting out of the Tab truck immediately after the accident with Byrd. Moreover, since the record contains no evidence that Jenkins reentered the Tab truck after the accident, the trial court's finding that Jenkins must have been walking away from the Tab truck when he was injured is insufficient to establish that Jenkins was "getting out" of the truck.

■ Hence, resolution of plaintiff's fourth assignment of error rests on the interpretation of "upon" in defendant's policy. Inclusion of such words as "upon" in the definition of "occupying" is meant to expand the terms in the definition beyond "in," "on," "getting in," and "getting out" of the vehicle. See *Halterman v. Motorists Mut. Ins. Co.* (1981), 3 Ohio App.3d 1, 4, 3 OBR 1, 4, 443 N.E.2d 189, 192. Jenkins is deemed to have been "upon" the Tab truck if he was within a reasonable geographic perimeter and had a relationship with the truck. *Id.; Robson v. Lightning Rod Mut. Ins. Co.* (1978), 59 Ohio App.2d 261, 13 O.O.3d 268, 393 N.E.2d 1053; accord, *Joins, supra,* 28 Ohio St.3d at 402, 28 OBR at 458–459, 504 N.E.2d at 64–65.

The trial court found that at the time Jenkins was injured, he was "probably not more than three feet from the left front corner of the tractor," in the area of the damaged bumper which protruded about three feet from the tractor; the record contains no evidence that Jenkins was in physical contact with the truck. Neither party presented evidence of the reason Jenkins was in this particular location when he was injured; the only evidence of what Jenkins was doing at the time he was injured was Trusty's testimony that Jenkins stepped from behind the Tab truck into the path of her vehicle. Based upon the foregoing, the parties do not dispute that Jenkins was within a reasonable geographic perimeter of the Tab truck; rather, they dispute whether Jenkins had a relationship to the truck at the time he was injured.

■ In that regard, the trial court concluded that, in the absence of evidence of physical contact with the truck, Jenkins could have a relationship to the truck only if he was performing a task intrinsically related to operation of the truck at the time he was injured. The trial court rejected plaintiff's assertion that Jenkins was performing a task related to operation of the truck pursuant to R.C. 4549.02. R.C. 4549.02 imposes a statutory duty upon the driver of a vehicle to remain with the vehicle that has been involved in an accident; however, it does not impose such a duty upon passengers. Further, even if the section authorizes the driver to delegate his duty to another, the

record herein contains no evidence of such delegation of duty. Hence, the trial court properly determined that R.C. 4549.02 imposed no duty upon Jenkins. Finding that neither R.C. 4549.02 nor direct testimony provided a basis for determining that Jenkins was performing a task intrinsically related to the operation of the truck, the trial court concluded that Jenkins was not "upon" the truck.

■■■ We agree with the trial court that performance of a task related to operation of a vehicle provides a sufficient basis for a relationship between the claimant and the vehicle, even when the claimant has no other connection to the vehicle. *Halterman, supra;* see, also, *Roper v. Grange Mut. Cas. Co.* (Sept. 27, 1984), Franklin App. No. 83AP–892, unreported, 1984 WL 5922. However, a claimant also has a sufficient relationship to the insured vehicle if his conduct is "foreseeably identifiable with the normal use of the vehicle." See *Nationwide Mut. Fire Ins. Co. v. Turner* (1986), 29 Ohio App.3d 73, 77, 29 OBR 83, 87, 503 N.E.2d 212, 217.

■■ Performance of activities related to the claimant's prior presence in the insured vehicle may be conduct foreseeably identifiable with normal use of the vehicle. See, *e.g., State–Wide Ins. Co. v. Murdock* (1969), 31 A.D.2d 978, 979, 299 N.Y.S.2d 348, 349, affirmed (1969), 25 N.Y.2d 674, 306 N.Y.S.2d 678, 254 N.E.2d 908 (claimant occupying vehicle while walking to the front of stalled vehicle to assist driver). Cf. *Kish, supra,* 67 Ohio St.2d at 50, 21 O.O.3d at 32, 424 N.E.2d at 294 (claimant's attempt to return to the insured vehicle to escape an assault not related to prior presence in the vehicle because the assault was "an intervening cause of injury unrelated to the use of the vehicle"); *Martz v. Cincinnati Ins. Co.* (Mar. 1, 1988), Ross App. No. 1363, unreported, WL 33003 (claimant's attempt to prevent another vehicle from leaving the accident scene after alighting from vehicle and crossing roadway not related to prior presence in insured vehicle); *Fischer v. Aetna Ins. Co.* (1971), 65 Misc.2d 191, 193–194, 317 N.Y.S.2d 669, 671, affirmed (1971), 37 A.D.2d 917, 325 N.Y.S.2d 1012 (claimant's provision of first aid to accident victim observed lying on the roadway not related to prior presence in insured vehicle); *Greer v. Kenilworth Ins. Co.* (1978), 60 Ill.App.3d 22, 25–26, 17 Ill.Dec. 347, 350, 376 N.E.2d 346, 349 (claimant's viewing of damage to another vehicle not related to prior presence in insured vehicle).

In determining whether Jenkins was "upon" the truck at the time he was injured, the trial court failed to consider whether Jenkins's activities related to his prior presence in the Tab truck. The evidence revealed that Jenkins was a passenger in the Tab truck immediately prior to the collision; moreover, while Jenkins was not driving the Tab truck when it struck Byrd's car, Jenkins drove the truck during earlier segments of the journey and was the driver

assigned to the truck, the person charged by his employer with responsibility for the truck and its load. At the time he was injured, Jenkins was standing or walking in the roadway adjacent to the Tab truck in close proximity not only to the truck generally, but also to the portion of the truck that had been damaged by the collision, as he had returned to the damaged portion of the truck.

Given the foregoing, the evidence allows the reasonable inference that, in addition to standing or walking in the roadway, Jenkins was also observing the damage resulting from the collision; and in these circumstances, where Jenkins was charged with responsibility for the vehicle, such conduct is foreseeably identifiable with the normal use of the vehicle. The short delay after the Byrd accident does not render Jenkins's acts unforeseeable. The severity of the accident arguably makes a more immediate inspection impractical.

■ Hence, under these circumstances, the trier of fact could conclude that Jenkins's activities, in close proximity to the damaged area of the truck shortly after the Byrd accident, were related to his prior presence in the Tab truck[1]; that Jenkins's activities were related to his status as a passenger and assigned driver of the truck; and that his presence in that particular location was not happenstance. Moreover, unlike the claimant in *Kish*, nothing indicates that Jenkins was acting in response to an intervening cause unrelated to his prior presence in the Tab truck. Accordingly, the trier of fact could conclude that Jenkins was "upon" the vehicle at the time he was injured.

In short, since the trial court did not evaluate the evidence to determine whether Jenkins's activities related to his prior presence on the Tab truck, and since, depending on the inferences drawn from the evidence, the evidence would allow the trial court to conclude that Jenkins's activities were so related, we sustain plaintiff's fourth assignment of error and remand for consideration of the evidence under the law set forth herein.

■ Plaintiff's first assignment of error asserts that the trial court erred in refusing to find that the policy definition of "occupying" was vague and ambiguous. Although each of the terms in the definition of "occupying" has a plain and ordinary meaning, some of them, such as the term "upon," are susceptible to a broad range of interpretations in determining the coverage provided by an insurance policy. See, *e.g., Halterman, supra,* 3 Ohio App.3d at 3–4, 3 OBR at 3–5, 443 N.E.2d at 191–192. A definition that is unambig-

---

1. The trial court's conclusion that Jenkins was walking away from the vehicle, even if it be a reasonable inference from the evidence, does not resolve the question of whether Jenkins's activities related to his prior presence in the truck.

uous when considered in the abstract may nevertheless be ambiguous when determining the scope of coverage provided by an insurance policy if a "gray area" exists in which the definition is reasonably susceptible of more than one interpretation. *Robson, supra,* 59 Ohio App.2d at 264–265, 13 O.O.3d at 269–270, 393 N.E.2d at 1055–1056. Because application of the plain and ordinary meaning of the terms at issue herein fails to reveal the scope of the coverage provided by the policy, the definition of "occupying" is ambiguous. Hence the trial court erred in finding to the contrary.

Although the trial court erred in refusing to find that the definition of "occupying" was ambiguous, the error is harmless, as the trial court did not treat the term as unambiguous in making its determination. Hence, plaintiff was not prejudiced by the court's finding. We therefore overrule plaintiff's first assignment of error.

Plaintiff's second assignment of error asserts that the trial court erred in limiting its interpretation of "occupying" to getting in or getting out. The referee's report, which the trial court adopted, specifically discussed whether Jenkins was "in," "upon," "getting in," "getting on," or "getting out" of the vehicle at the time he was injured. Indeed, the only definition of "occupying" that the trial court did not specifically consider is "off"; and plaintiff has failed to argue that the facts herein fall within that definition of "occupying." As a result, to the extent the trial court erred in failing to consider one possible definition of "occupying," the error was harmless. We therefore overrule plaintiff's second assignment of error.

Plaintiff's third assignment of error asserts that the trial court erred in allowing defendant to withdraw a stipulation without a showing of cause. Defendant responds that the trial court properly may allow withdrawal of a stipulation, even without a showing of cause, provided the other party is not prejudiced thereby.

The trial court has discretion to grant or deny a request for withdrawal of a stipulation. See *Ish v. Crane* (1862), 13 Ohio St. 574, 580. Thus, we will reverse the decision of the trial court only if the record affirmatively reveals that the trial court abused its discretion. *Cincinnati v. Reichman* (1971), 27 Ohio App.2d 125, 128, 56 O.O.2d 287, 288–289, 272 N.E.2d 904, 905–906.

Even if the trial court abused its discretion in allowing withdrawal of the stipulation, any such error was harmless, as plaintiff has demonstrated no resulting prejudice. *Smith v. Flesher* (1967), 12 Ohio St.2d 107, 110, 41 O.O.2d 412, 413–414, 233 N.E.2d 137, 139–140. Accordingly, we overrule plaintiff's third assignment of error.

Having overruled plaintiff's first, second, and third assignments of error and sustained plaintiff's fourth assignment of error to the extent set forth herein, we reverse the judgment of the trial court and remand for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and KLINE, JJ., concur.

ROGER L. KLINE, J., of the Pickaway County Court of Common Pleas, sitting by assignment.