DECISION AND JOURNAL ENTRY
{¶ 1} Appellant/Cross-Appellee, Thomas R. Dolis, has appealed from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Appellee/Cross-Appellant, CNA Insurance Company.[1] This Court affirms.
 I {¶ 2} As an employee of the City of Tallmadge Service Department, Appellant was operating a salt truck on November 20, 2000. While he was driving, Appellant was informed by his supervisor that another truck had spilled salt and he was instructed to drive his truck to the area of the spill. Upon arriving, Appellant's supervisor had him park his salt truck in a parking lot adjacent to the site of the spill, facing the road. Appellant left his truck running with the headlights and yellow warning lights running. The truck was positioned in such a manner that the headlights illuminated the area of the salt spill.
 {¶ 3} In order to clean the spill, the City utilized a backhoe to push the salt off the road into a parking lot where it would later be place back into a truck. At the request of his supervisor, Appellant directed traffic while the backhoe performed its work. While directing traffic, Appellant was struck by a motorist. After settling with the tortfeasor for the policy limits of his insurance, Appellant filed suit against Appellee on November 19, 2002.
 {¶ 4} On August 15, 2003, Appellee moved for summary judgment on Appellant's complaint on several grounds. Appellee first asserted that the City of Tallmadge had validly rejected uninsured/underinsured motorist ("UM/UIM") coverage. Appellee argued in the alternative, that if UM/UIM coverage existed, Appellant could still not recover because he was not using a covered auto at the time of the accident. The trial court found that a valid rejection of UM/UIM had not occurred, but agreed that Appellant could not recover because the policy required that he be using a covered auto at the time of the accident and he was not. Accordingly, the trial court awarded summary judgment in favor of Appellee. Appellant has timely appealed, raising one assignment of error. In turn, Appellee has cross-appealed also raising one assignment of error.
 II Assignment of Error Number One
"The trial court erred when it granted summary judgment to appellee/cross-appellant transcontinental and denied summary judgment for appellants/cross appellees dolis' by ruling that tom dolis did not meet the definition of an insured under the transcontinental business auto insurance policy sold to his employer the city of tallmadge."
 {¶ 5} In his sole assignment of error, Appellant has argued that the trial court erred in finding that he was not entitled to UM/UIM coverage. Specifically, Appellant has averred that the trial court erred in its determination that he was not using a covered auto at the time of the accident. This Court disagrees.
 {¶ 6} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 497 U.S. 948, 107 S.Ct. 433,93 L.ed.2d 383. This standard is equally applicable in habeas corpus actions. See State ex rel. Mike v. Warden, 11th Dist. No. 2002-T-0153, 2003-Ohio-2237.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} In the instant case, the policy at issue defines "insureds" as follows:
"a. You for any covered `auto'.
"b. Anyone else while using with your permission a covered `auto' you own[.]"
Appellant has contended that he is entitled to coverage because he was using a covered auto at the time of the accident. More specifically, Appellant has argued that his use of the yellow warning lights to alert others to the road work and the use of the truck's headlights to illuminate the work area of the backhoe both demonstrate that he was using the auto at the time of the accident. Furthermore, there is no dispute between the parties that the truck was a covered auto for the purpose of coverage.
 {¶ 10} As such, the outcome of this case is dependent upon the interpretation of the provision containing "using" in the insurance policy provided by Appellee. It is well established that such a policy is a contract. Nationwide Mut. Ins. Co. v.Marsh (1984), 15 Ohio St.3d 107, 109. Therefore, we will construe the language of the contract in accord with the commonly understood meaning of the language utilized. King v. NationwideIns. Co. (1988), 35 Ohio St.3d 208, 211.
 {¶ 11} Appellant is correct in his assertion that Ohio courts have not defined "using" in the context at hand. Rather, Ohio courts have oft been required to determine whether a claimant was "occupying" a covered auto in order to determine whether coverage existed. As this Court finds that these cases provide a framework for our analysis, a brief review of the tests they articulate is necessary.
 {¶ 12} In general,
"[t]he gist of these decisions seems to be that coverage will be afforded under the uninsured motorists provision if the accident occurs in reasonably close proximity with the insured automobile and involves an activity directly related with it. Although it is not possible to draw an exact line of demarcation, it would appear that once the plaintiff has moved to a point that he is a substantial distance from the vehicle, thus indicating that the intended journey has terminated, the coverage will not apply. Ultimately, each case must stand on its own facts."Robson v. Lightning Rod Mut. Ins. Co. (1978), 59 Ohio Misc. 61,65, affirmed (1978), 59 Ohio App.2d 261.
In making a determination of coverage, courts consider the "immediate relationship the claimant had to the vehicle, within a reasonable geographic area." Joins v. Bonner (1986),28 Ohio St.3d 398, 401. Another factor to consider is whether the claimant was "performing a task that was intrinsically related to the operation of any covered auto." Westfield Group v. Cramer,
9th Dist. No. 04CA008443, 2004-Ohio-6084, at ¶ 19. Furthermore, courts have drawn a distinction between whether an individual is vehicle or highway oriented at the time of the accident. Joins,28 Ohio St.3d at 402 (Holmes, J., dissenting). Essentially, this determination boils down to whether the claimant's conduct is "foreseeably identifiable with the normal use of the vehicle."Morris v. Continental Ins. Cos. (1991), 71 Ohio App.3d 581,587, quoting Nationwide Mut. Fire Ins. Co. v. Turner (1986),29 Ohio App.3d 73, 77.
 {¶ 13} Given the expansive definition Ohio courts have given to the term occupying, we cannot agree with Appellant's contention that "using" is a "significantly broader" term than "occupying." To the contrary, we find that Ohio's existing law provides an adequate framework to determine whether Appellant was "using" a covered auto.
 {¶ 14} In the instant matter, Appellant's conduct was not "foreseeably identifiable with the normal use of the vehicle."Morris, 71 Ohio App.3d at 587. First, Appellant has asserted that using the truck's headlights is a foreseeable use of the vehicle. However, Appellant was not using the headlights in their typical manner, to illuminate the road while driving. Rather, Appellant was utilizing the headlights to illuminate the work area of a backhoe. As such, if this Court were to accept Appellant's proposed definition of "using," coverage would extend to anyone who strayed into the lights of the truck. Therefore, a pedestrian who wandered into the light of the headlights and was struck by a wayward driver would be extended coverage from Appellee. Such an expansion of coverage is simply unreasonable.
 {¶ 15} Additionally, Appellant has contended that he was using the truck's yellow safety lights to warn oncoming traffic of the work area, and as such is entitled to coverage. Again, Appellant was not utilizing the yellow warning lights in their typical manner. The yellow warning lights on the truck are surely designed to warn of the presence of the truck itself. This Court cannot find that utilizing the safety lights on a salt truck to warn of the presence of a backhoe is a foreseeable use of these lights. Our holding is further bolstered by the fact that the backhoe was utilizing its own yellow safety lights to warn of its presence, indicating that the warning lights are vehicle specific in their use.
 {¶ 16} Finally, we are unpersuaded by Appellant's assertion that these other uses of the salt truck were contemplated. In support of its contention, Appellant has relied upon case law from other states in which vehicles were found to be specially designed to accommodate multiple tasks. See Adkins v. Meador
(1997), 201 W.Va. 148 (finding that a police cruiser served to transport, protect, communicate, control traffic, and operated as a moving office); Simpson v. U.S. Fidelity Guaranty Co.
(1997), 562 N.W.2d 627 (finding that the truck in question served not only to transport, but to aid with water valve inspection, cleanup, and repair). Such additional uses do not attach to a truck used to spread salt. Such a truck is not specially designed to aid in illuminating work area. Nor is it specially designed to warn of other traffic.
 {¶ 17} Accordingly, this Court finds that Appellant was not "using" a covered auto at the time of coverage, and that the trial court correctly determined that Appellant was not entitled to coverage. Therefore, Appellant's sole assignment of error lacks merit.
 Cross Assignment of Error Number One
"The trial court erred in failing to consider extrinsic evidence of a valid offer and rejection of UM/UIM coverage because, after the Am. sub. H.B. 261 amendments to R.C. 3937.18, such evidence was both probative and admissible to show compliance with the disclosures required under Linko,
2000-OHIO-92. Accordingly, the trial court erred in finding the city's rejection of UM/UIM coverage invalid."
 {¶ 18} Given this Court's resolution of Appellant's assignment of error, Appellee's cross-assignment of error is moot, and this Court declines to address it. See App.R. 12(A)(1)(c).
 III {¶ 19} Appellant's sole assignment of error is overruled, and Appellee's assignment of error is rendered moot and not addressed. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Batchelder, J. concur.
[1] Appellee was misnamed in Appellant's original complaint, but there is no dispute that Transcontinental Insurance Company is the proper party name.