OPINION *Page 2 
{¶ 1} Appellants Christopher Kinback and Heather Kinback appeal the decision of the Stark County Court of Common Pleas following a jury verdict in favor of Appellee Lanie Marie Herstine in a personal injury action. The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 22, 2004, Appellant Christopher Kinback, while riding a motorcycle in Waynesburg, Ohio, was involved in a collision with an automobile driven by Appellee Lanie Marie Herstine. On September 1, 2004, appellants filed a personal injury action against appellee in the Stark County Court of Common Pleas. The matter was ultimately scheduled for trial.
 {¶ 3} On December 5, 2005, the parties reached a joint written stipulation, filed with the trial court, which bifurcated the issues of liability and damages for trial and established the policy limits as liquidated damages in the event appellee's negligence was found by the jury to be 50% or greater. However, on December 13, 2005, appellee filed a notice of withdrawal of the stipulation, to which appellants objected via a memorandum contra on December 21, 2005.
 {¶ 4} The court conducted a final pretrial on January 5, 2006, following which the court permitted the withdrawal of the filed stipulation as follows: "Court will allow withdrawal of stipulation subject to 1) Plaintiff informing Court within 1 week if Plaintiff agrees to modification so that 50/50 would result in no damages 2) if Plaintiff does not agree — then trial on both but if Plaintiff recovers Defendant to pay medical expenses re: trial and attorney fees re: medical testimony." Thus, the withdrawal was subject to appellants being permitted to proceed to trial on the issues of both liability and *Page 3 
damages, or, in the alternative, appellants agreeing to the policy limits in the event the jury would find appellee's negligence to begreater than 50% (as opposed to "50% or greater"). Appellants thereupon chose to proceed under the latter option.
 {¶ 5} The trial commenced on January 17, 2006. The next day, the jury found the comparative fault of the parties was exactly 50% each, and thus returned a verdict in favor of appellee.
 {¶ 6} Appellants thereafter filed a motion for j.n.o.v. and a new trial, both of which the trial court denied on February 24, 2006. Appellants filed a notice of appeal on March 22, 2006. They herein raise the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED BY NOT ENFORCING THE ORIGINAL STIPULATION BETWEEN APPELLANTS AND APPELLEE."
 {¶ 8} In their sole Assignment of Error, appellants contend the trial court erred by not enforcing the "original" stipulation reached by the parties, i.e., the stipulation which had set the policy limits as liquidated damages in the event appellee's negligence was found by the jury to be "50% or greater." We disagree.
 {¶ 9} "[A] stipulation is a voluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate the need for proof or to narrow the range of litigable issues." In theMatter of Body (June 23, 1998), Coshocton App. No. 97 CA 33, quoting 89 Ohio Jurisprudence 3d (1989), Trial, Section 69. "Thus, a stipulation, once entered into, filed and accepted by the court, is binding upon the parties and is a fact deemed adjudicated for purposes of determining the remaining issues in that case. A party who has agreed to a stipulation cannot unilaterally retract or withdraw from it." Id., quotingHorner v. Whitta (March 16, 1994), Seneca App. No. 13- *Page 4 
93-33, at 3. However, a trial court maintains discretion to grant or deny a request for withdrawal of a stipulation. Morris v. ContinentalIns. Cos. (1991), 71 Ohio App.3d 581, 589, 594 N.E.2d 1106, citingIsh v. Crane (1862), 13 Ohio St. 574, 580. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 10} The basis of appellants' argument is that the withdrawal of the parties' original stipulation was conditioned on either an unbifurcated trial or a "new" stipulation between the parties. Appellants contend no "new" stipulation was reached because appellee's counsel objected on the day of trial in order to preserve an appeal in the event of an unfavorable verdict. See Tr. at 4, 11, 13. Hence, appellants argue, the "original" stipulation stands.
 {¶ 11} However, we do not concur with appellants' assessment. The court's pre-trial order merely permitted appellant the option of agreeing that "50/50 would result in no damages". We find this falls short of requiring a new agreed stipulation between the parties. We also note our review in this matter is somewhat hampered by the lack of a record of what exactly transpired at the pre-trial of January 5, 2006, which resulted in the court allowing the withdrawal of the original stipulation. The partial transcript provided to us is actually some preliminary discussion between the trial judge and counsel which took place at the beginning of the trial on January 17, 2006. At that point in time, the pre-trial decision to allow the withdrawal of the original stipulation was already accomplished. During the aforesaid preliminary discussions on the trial date, however, appellee's counsel indicated the following: *Page 5 
 {¶ 12} "It is my understanding that State Farm contacted Plaintiffs counsel before the stipulation was filed and indicated that the amount of the — amount of the liquidated damages was not to their satisfaction. And it was not only the percentage of fault, but the number, the policy limits number, that they objected to.
 {¶ 13} "Some several hours after that phone call, the stipulation was filed. So I understand the Court's ruling. * * *" Tr. at 4.
 {¶ 14} Thus, based on the limited record, we find the issue narrows to this: Did the court abuse its discretion in allowing the withdrawal of the original stipulation based on appellee's insurer's apparent lack of satisfaction with said stipulation? We conclude, even though appellee's insurer was not a party to the action, that such a decision under these circumstances did not constitute an abuse of discretion.
 {¶ 15} Accordingly, appellants' sole Assignment of Error is overruled.
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
Edwards, J., concurs.
 Hoffman, J., concurs separately. *Page 6