JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Safe Auto Insurance Company ("Safe Auto") appeals the trial court's granting of summary judgment for plaintiff-appellee Joei Williams ("Williams") on her claim for uninsured motorist coverage and denying its motion. Safe Auto contends that Williams is not entitled to coverage because she was not "occupying" her vehicle at the time of the accident. Finding no merit to this appeal, we affirm.
 {¶ 2} On November 11, 2000, Williams was injured when Thomas Ware ("Ware") collided with her vehicle and another vehicle parked on East 125th Street. Prior to the accident, Williams had parked her car and left the engine running while she spoke with two other drivers who had pulled over to the side of the street behind her car. After finishing her conversation, she walked toward her car and, when she was "right at the car," she was struck by debris as a result of Ware's collision with her car and the car parked behind it.
 {¶ 3} At the time of the accident, Williams was a named insured on a policy issued by Safe Auto to her mother, which contained policy limits of $12,500 per person for uninsured motorist coverage. Following the accident, Williams filed suit against Ware and Safe Auto, claiming negligence and seeking uninsured motorist coverage. In response, Safe Auto denied that Williams was entitled to coverage and filed a cross-claim against Ware, seeking indemnification for any coverage ordered. Safe Auto also moved for summary judgment, arguing that Williams was not "occupying" her vehicle at the time of the accident. In her cross-motion, Williams countered that the definition of "occupying" is liberally construed and that the facts of the instant case warranted coverage.
 {¶ 4} The court found that Williams was "occupying" the vehicle and, as a result, it granted her motion for summary judgment and set a trial date on the issue of damages. Subsequently, the parties agreed to $12,500 in damages, and the court awarded Safe Auto $12,500 on its motion for default judgment against Ware.
 {¶ 5} Safe Auto appeals the trial court's granting of Williams' motion for summary judgment and the denial of its motion, raising three assignments of error.[1]
 {¶ 6} Appellate review of summary judgments is de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105;Zemcik v. La Pine Truck Sales Equipment (1998),124 Ohio App.3d 581, 585. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367;Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
 {¶ 7} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 292-293. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 Definition of "Occupying" {¶ 8} In its first and second assignments of error, Safe Auto contends that the trial court erroneously concluded that Williams satisfied the definition of "occupying" under the policy. Safe Auto argues that the plain meaning of the word precludes coverage because Williams was walking to her car at the time of the accident. Safe Auto also argues in its third assignment of error that Williams was not occupying the vehicle because she was not performing a task intrinsically related to the use of the car at the time of the accident.
 {¶ 9} In reviewing the policy, we must construe the language of the insurance contract in accordance with the same rules of construction as other written contracts. See Hybud Equip. Corp.v. Sphere Drake Ins. Co. (1992), 64 Ohio St.3d 657, 665. Thus, "if the language of the policy is clear and unambiguous, the words and phrases used therein must be given their natural and commonly accepted meaning consistent with the intent of the parties." Rushdan v. Baringer (Aug. 30, 2001), Cuyahoga App. No. 78478, citing Tomlinson v. Skolnik (1989),44 Ohio St.3d 11, 12. In contrast, any ambiguity in the contract language must be strictly construed against the insurer and liberally in favor of the insured. King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, syllabus.
 {¶ 10} The Ohio Supreme Court has stated that the word "occupying" should not be given an unduly narrow definition.Kish v. Central Nat. Ins. Group (1981), 67 Ohio St.2d 41. Ohio courts favor a liberal interpretation because "although the term `occupying' as defined in the insurance contract may not seem ambiguous on its face, it often becomes ambiguous when determining whether insurance coverage should be extended in certain factual circumstances." Etter v. Travelers Ins. Cos.
(1995), 102 Ohio App.3d 325, 328, citing Robson v. Lightning RodMut. Ins. Co. (1978), 59 Ohio App.2d 261. See, also, Renter v.Anthony, Cuyahoga App. No. 81233, 2003-Ohio-431; State FarmMut. Auto. Ins. Co. v. Cincinnati Ins. Co. (June 17, 1993), Cuyahoga App. No. 62930.
 {¶ 11} The Safe Auto policy provides that it will only pay damages an insured suffers while "occupying" a covered auto. It defines "occupying" as "in, on, getting in, or getting out of a covered auto."
 {¶ 12} Safe Auto argues that because Williams was outside of her vehicle and walking toward it at the time of the accident, she did not satisfy the definition of "occupying." In support of this argument, Safe Auto relies on the Ohio Supreme Court's decision in Kish, in which the court held that the claimant, who was attempting to return to his vehicle to escape an assault, was not "occupying" his vehicle. Kish, supra at 51. In reaching this conclusion, the court reasoned that attempting to return to a vehicle for the sole purpose of avoiding an attacker is not a "task intrinsically related to the operation of the vehicle." Id. As a result, the court found that even a liberal interpretation of "occupying" did not bring the claimant's actions within the meaning of the word. Id. at 52.
 {¶ 13} We find the facts of Kish distinguishable from the instant case. First, contrary to Safe Auto's assertion, the record reveals that Williams was "right at her car" when the accident occurred, as opposed to walking to the car from some distance. Next, unlike the claimant in Kish, Williams' injuries stemmed from the use of her vehicle. Specifically, Williams was injured by Ware's vehicle colliding with her own as opposed to an intentional, criminal act of a gunman.
 {¶ 14} We find the Ohio Supreme Court's decision in Joins v.Bonner (1986), 28 Ohio St.3d 398, analogous to the instant case and controlling. In Joins, a child exited an insured vehicle and, in the process of crossing the street, was struck by an uninsured vehicle. By construing the definition liberally, the court found that Joins was "occupying" the vehicle for purposes of insurance coverage because he was "alighting from" the vehicle.[2] In reaching this conclusion, the court reasoned that a person is not "finished" exiting a vehicle until he or she reaches a place of safety.
 {¶ 15} Recognizing that "occupying" is ambiguous, the Ohio Supreme Court further provided guidance for determining whether a person is "occupying" a vehicle by adopting the following standard:
"In construing uninsured motorist provisions of automobileinsurance policies which provide coverage to persons `occupying'insured vehicles, the determination of whether a vehicle wasoccupied by the claimant at the time of an accident should takeinto account the immediate relationship the claimant had to thevehicle, within a reasonable geographic area."
 {¶ 16} Id. at 401, citing Robson, supra, at 264.
 {¶ 17} In the instant case, Williams clearly had an "immediate relationship" to the car. She not only was the driver of the car but the car contributed to the injuries she sustained. Here, Williams had exited and parked her car immediately preceding the accident and was returning to it when the accident occurred. We find Williams' act of leaving the other parked car and returning to her own car demonstrates that she was "getting in" the car. See Renter, supra, at ¶ 58 (implying that claimant would have been "occupying" the car if she had attempted to return to the vehicle rather than standing by other vehicle). Likewise, Williams was within a reasonable geographic area as she was "right at the car" when the accident occurred. Williams' injuries further attest to her "close proximity" to her car because her injuries were caused by Ware hitting her car. In fact, absent the collision, Williams would have been safely inside her car.
 {¶ 18} Liberally construing the definition, we find that reasonable minds can only conclude under the instant facts that Williams was "getting in" her vehicle. Therefore, we find that she was "occupying" the vehicle and overrule Safe Auto's first and second assignments of error.
 {¶ 19} In its final assignment of error, Safe Auto contends that in order to find that Williams had an "immediate relationship" with the vehicle, the court must find that she was "performing a task intrinsically related to the use" of the vehicle.
 {¶ 20} Contrary to Safe Auto's assertion, a claimant's performance of a task intrinsically related to the use of the vehicle is not the sole means of establishing an "immediate relationship" to the vehicle. This is one of several tests adopted by Ohio courts for determining whether the claimant has a sufficient relationship to require coverage. See Etter, supra, at 329-331.
 {¶ 21} Utilizing other standards, Ohio courts have found that a sufficient relationship to the vehicle also exists if the claimant's conduct is "foreseeably identifiable" with the normal use of the vehicle. Yoerger v. Gen. Acc. Ins. Co. of Am.
(1994), 98 Ohio App.3d 505 (working on highway pavement near work vehicle was sufficient to support a relationship with the vehicle). Etter, supra, at 329, citing Morris v. ContinentalIns. Cos. (1991), 71 Ohio App.3d 581 (noting that "performance of activities related to the claimant's prior presence in the insured vehicle may be conduct foreseeably identifiable with normal use of the vehicle"). See, also, Norris v. Allstate Ins.Co. (Dec. 19, 1996), Cuyahoga App. No. 70591 (utilizing work van as safety equipment to alert drivers to the presence of work site was a foreseeable and identifiable use of vehicle). Likewise, other courts have found that a sufficient relationship exists if the claimant is "vehicle-oriented" as opposed to "highway-oriented" at the time of the accident. Halterman v.Motorists Mut. Ins. Co. (1981), 3 Ohio App.3d 1 (attempting to get stranded motorist's vehicle underway constituted "vehicle-oriented"); State Farm Mut. Auto. Ins. Co. v.Cincinnati Ins. Co. (June 17, 1993), Cuyahoga App. No. 62930 (retrieving pop bottles for the sole purpose of enabling claimant to continue trip exemplified "vehicle-oriented"); Auto-OwnersIns. Co. v. Phillips (June 16, 1989), Lucas App. No. L-88-271 (standing two lanes of traffic away from vehicle severed relationship from vehicle and favored a finding of "highway-oriented").
 {¶ 22} Even applying these other standards, the instant facts support a finding that Williams was occupying her vehicle. Temporarily parking a car along the street with the intent to resume driving is a foreseeable and identifiable use of the vehicle. Similarly, Williams was "vehicle-oriented" because she was "right at her" car and in the process of resuming her travel when the accident occurred. Clearly, she was more connected to the vehicle than the roadway at the time of the accident.
 {¶ 23} Prior to the holding in Joins, courts liberally construed the meaning of "occupying" to find coverage even when there was no evidence of the claimant "in, on, getting in, or getting out" of the vehicle. See, e.g., Halterman, supra (siphoning gas into vehicle); Robson, supra (loading the trunk of an automobile); Madden v. Farm Bureau Mutl. Auto Ins. Co.
(1948), 82 Ohio App. 111 (changing a tire). Those courts recognized that when the claimant's activities were so functionally related to the operation of the vehicle, then the policy reasonably intended to provide coverage. Thus, this doctrine operates as an extension of the scope of coverage, rather than a limitation of coverage under the policy.
 {¶ 24} We find that the facts of the instant case are sufficient to establish an immediate relationship to the vehicle. In Joins, the court found that Joins had an immediate relationship to the vehicle because he was a passenger "alighting from" the car and, further, because he was within a reasonable geographic location of the car at the time of the accident — sixteen feet from the car. Moreover, the Ohio Supreme Court made this finding despite the absence of any showing that Joins was performing a task intrinsically related to the use of the vehicle. Similarly, Williams was the driver of the vehicle and was injured at her car when she was returning to enter it. Therefore, these facts establish that Williams had an "immediate relationship" to the vehicle, regardless of whether she was performing a task intrinsically related to the use of her car.
 {¶ 25} Accordingly, Safe Auto's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. and Calabrese, Jr., J. concur.
[1] Although Williams' claims against Ware still remain pending, we find that we have jurisdiction to consider this appeal. Here, the requirements of R.C. 2505.02 have been met through the granting of Williams' motion for summary judgment, see R.C. 2505.02(B)(1), and the court's inclusion of the language "no just reason for delay" in its final order. See Civ.R. 54(B). See, also, Brown v. McClain Constr., Wyandot App. No. 16-01-19, 2002-Ohio-2834, at ¶ 7-¶ 9.
[2] The policy in Joins defined "occupying" as "in or upon or entering into or alighting from." Id. at 399.