DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Rickie Cramer, appeals from the judgment of the Lorain County Court of Common Pleas granting summary judgment in favor of Appellee, Westfield Group. This Court affirms.
 I. {¶ 2} On October 10, 2001, Appellant was struck by an automobile driven by James Kent. At the time he was struck, Appellant was performing the duties of his job as a flagger for Charles Akers Construction ("Akers Construction"). After exhausting the insurance coverage of Mr. Kent, Appellant sought uninsured motorist/underinsured motorist ("UM/UIM") coverage under the policy issued by Appellee to Akers Construction. Appellee denied Appellant coverage on the basis that he was not occupying a covered automobile at the time of the accident.
 {¶ 3} On June 24, 2002, Appellee filed a declaratory action asking the court to determine whether Appellant was entitled to UM/UIM coverage. Appellant counterclaimed asserting that he was entitled to UM/UIM coverage and alleging Appellee denied his claim in bad faith. Appellee filed for summary judgment on April 29, 2003. Appellant opposed the motion and filed his own motion for summary judgment on May 1, 2003. On January 21, 2004, the trial court granted Appellee's motion for summary judgment. Appellant timely appealed, raising three assignments of error. As each of these assignments of error contends that the trial court erred in granting summary judgment, this Court will address them together.
 II. ASSIGNMENT OF ERROR I
"The trial court erred in granting summary judgment to the plaintiff-appellee when the insurance policy issued by the plaintiff-appellee insured only a corporate entity for bodily injury from uninsured and underinsured motorists and the defendant-appellant was injured as he was working and in the scope of his employment for the named insured when he was struck by an underinsured motorist."
 ASSIGNMENT OF ERROR II
"The trial court erred by failing to determine that a mid-term change in policy language is not valid unless there is mutual assent and consideration of a modification of a contract[.]"
 ASSIGNMENT OF ERROR III
"The trial court erred by failing to determine whether a question of fact exists as to whether defendant-appellant was `occupying' a covered Auto pursuant to definition B.3 of the Westfield Policy."
 {¶ 4} In his first assignment of error, Appellant avers that the trial court erred in granting summary judgment in favor of Appellee because he was acting in the course and scope of his employment at the time of the accident and thus entitled to coverage. In his second assignment of error, Appellant contends that a modification of the insurance policy should not have been considered by the trial court because it was not supported by consideration and mutual assent was lacking. Finally, in his final assignment of error, Appellant argues that summary judgment was improper because a question of fact remains as to whether he was occupying a covered auto at the time of the accident. This Court finds that Appellant's assignments of error lack merit.
 {¶ 5} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. at 292-93. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732,735.
 {¶ 8} In its motion for summary judgment, Appellee utilized the insurance policy at issue, Charles Akers' request to amend the policy, the affidavit of its Regional Manager Scott Reinhardt and the depositions of Appellant, Steve Akers, Chuck Ellis, Bud Akers, and Woody Terry. (The latter four individuals all were working on site with Appellant at the time of the accident). Through this information and documentation, Appellee established the language of the policy at issue, the facts surrounding the accident, and the coverage Appellant was entitled under the policy. As such, Appellee met its initial Dresher burden.Dresher, 75 Ohio St.3d at 292.
 {¶ 9} In an effort to meet his reciprocal burden underDresher, Appellant utilized the same documentation as Appellee. However, Appellant argued that the insurance policy was never effectively amended and that he was entitled to coverage because he was occupying a covered auto at the time of his accident. As will be demonstrated herein, Appellant failed to meet his burden of demonstrating a genuine issue of material fact. Id. at 292-293.
 {¶ 10} For ease of discussion, we first examine Appellant's contention that the modification of the insurance contract lacked mutual assent and was not supported by consideration. This Court finds that Appellant's contention lacks merit.
 {¶ 11} Appellant correctly asserts that any modification to the insurance contract requires mutual assent and consideration. See Citizens Fed. Bank, F.S.B. v. Brickler (1996),114 Ohio App.3d 401, 407. In support of his argument, Appellant relies onReppl v. Jones, 9th Dist. No. 21299, 2003-Ohio-2350. Appellant's reliance on Reppl is misplaced. In Reppl, the Court found that an attempted modification was invalid because the insurance company did not have the assent of the insured to amend the policy. Id. at ¶ 29. In the instant case, Charles Akers, owner of the named insured, signed form AC 1064 specifically requesting that that the policy be modified. Further, in his affidavit, Charles Akers attested that he signed the request form in order to clarify the insurance contract to reflect the original intent of the parties as to who was an insured under the policy. As such, there was mutual assent with regard to amending the policy. Additionally, under Ohio law, if some benefit to the insured is evident from the amendment, then it is supported by consideration. McGlone v. Motorists Mut. Ins.Co. (Apr. 5, 2001), 3rd Dist. No. 3-2000-25. As was evidenced by the depositions and affidavits of Charles Akers and Scott Reinhardt, Akers Construction received the benefit of clarifying who was an insured under its insurance policy. As such, this Court cannot say that the modification was not supported by consideration.
 {¶ 12} Appellant has also argued that the modification of the policy must fail because it does not comply with the requirements set forth in Linko v. Indemnity Ins. Co. of North America
(2000), 90 Ohio St.3d 445. However, we find Linko to be inapplicable to the case at hand. Linko dealt with the requirements which must be met for the rejection of UM/UIM coverage. Id. at 447-448. There was no rejection of coverage in the instant case. The request form Charles Akers signed, form AC1064, has three distinct sections. The final section deals with the rejection of UM/UIM coverage. The modification made in the instant matter did not involve the rejection portion of the form. Further, in substance, the modification did not reject existing UM/UIM coverage. The only evidence before the trial court indicated that the modification did not alter coverage in any way. It merely clarified what coverage existed under the policy. As such, the requirements set forth in Linko are not applicable, and the modification of the policy was correctly considered by the trial court.
 {¶ 13} Finally, in his first and third assignments of error, Appellant avers that the trial court erred in finding that the policy did not extend coverage under the circumstances surrounding his accident. This Court disagrees.
 {¶ 14} The outcome of this case is dependent upon the interpretation of various provisions of the insurance policy provided by Appellee. It is well established that such a policy is a contract. Nationwide Mut. Ins. Co. v. Marsh (1984),15 Ohio St.3d 107,109. Therefore, this Court will interpret the contract so as to fulfill the intent of the parties as evidenced by the language of the contract. Skivolocki v. East Ohio GasCo. (1974), 38 Ohio St.2d 244,247. We will construe the language of the contract in accord with the commonly understood meaning of the language utilized and construe any ambiguity against the insurer. King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208,211.
 {¶ 15} Appellant asserts that he is entitled to coverage because he was injured in the course and scope of his employment, citing Westfield Ins. Co. v. Galatis (2003),100 Ohio St.3d 216. However, even if this Court were to find that Appellant was injured in the course and scope of his employment, the plain language of the policy at issue is dispositive of Appellant's claims of coverage.
 {¶ 16} With respect to automobiles, the policy provides as follows:
"Each Of These Coverages Will Apply Only To Those Autos Shown As Covered Autos. Autos Are Shown As Covered Autos For A Particular Coverage By The Entry Of One Or More Of The Symbols From The Covered Auto Section Of The Business Auto Coverage Form Next To The Name Of The Coverage."
Further, the policy provides that in its "Who is an Insured" section as follows:
"3. An `employee' of the Named Insured * * * while `occupying' a covered `auto' the Named Insured owns, hires or borrows[.]"
 {¶ 17} As such, the unambiguous language of the policy mandates that Appellant be occupying a covered auto at the time of the accident in ordered to covered under the policy. SeeDillen v. National Fire Ins. of Hartford, 9th Dist. No. 21471, 2003-Ohio-5777. Appellant has averred that the facts surrounding his accident support a finding that he was "occupying" a covered auto at the time of the accident. This Court finds Appellant's argument unpersuasive.
 {¶ 18} In support of his contention, Appellant cites to multiple cases in which courts have found that coverage existed despite the insured not physically occupying the auto at the time of the accident.
"The gist of these decisions seems to be that coverage will be afforded under the uninsured motorists provision if the accident occurs in reasonably close proximity with the insured automobile and involves an activity directly related with it. Although it is not possible to draw an exact line of demarcation, it would appear that once the plaintiff has moved to a point that he is a substantial distance from the vehicle, thus indicating that the intended journey has terminated, the coverage will not apply. Ultimately, each case must stand on its own facts." Robson v.Lightning Rod Mut. Ins. Co. (1978), 59 Ohio Misc.61, 65, affirmed (1978), 59 Ohio App.2d 261.
 {¶ 19} In accord with this reasoning, courts have found that `occupying' should be liberally construed in favor of the insured. Kish v. Central Natl. Ins. Group (1981),67 Ohio St.2d 41, 51-52. Further, this Court must take into account the "immediate relationship the claimant had to the vehicle, within a reasonable geographic area." Joins v. Bonner (1986),28 Ohio St.3d 398, 401. However, in the instant case, Appellant was not performing a task that was intrinsically related to the operation of any covered auto. See, e.g., State Farm Mut. Auto Ins. Co. v.Counts (1990), 9th Dist. Nos. 11490, 11492 (claimant found to be `occupying' an auto when he was injured while working underneath it); Madden v. Farm Bureau Mut. Auto. Ins. Co. (1948),82 Ohio App. 111 (insured held to be `occupying' vehicle when injured placing item in trunk); Robson v. Lightning Rod Mut. Ins. Co.
(1978), 59 Ohio App.2d 261 (insured found to be `occupying' auto when injured siphoning gas from it).
 {¶ 20} In the instant case, Appellant was struck while flagging traffic. The record reflects that it had been at least one full hour since Appellant had operated any of the covered autos. Further, testimony demonstrated that his activity, flagging, was not a prerequisite to the operation of any of the covered autos. Appellant was not operating, loading, or attempting to repair the auto when the accident occurred. Further, conservative estimates placed Appellant at least 100 feet from the auto at the time of the accident. As such, even a liberal construction of `occupying' cannot be said to extend coverage to Appellant.
 {¶ 21} Accordingly, Appellant's first, second, and third assignments of error are overruled.
 III. {¶ 22} Appellant's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Slaby, J., Concur.