[Cite as *Darno v. Davidson*, 2013-Ohio-4262.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| THOMAS DARNO | C.A. No. 26760 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TERRANCE DAVIDSON, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CV-2012-03-1255 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

MOORE, Presiding Judge.

{¶1} Appellant, Thomas Darno, appeals the order of the Summit County Court of Common Pleas that granted summary judgment to Westfield Insurance Company. This Court reverses.

I.

{¶2} Mr. Darno suffered injuries when struck by a car on State Route 45. According to his answers to the request for admissions propounded below, he and a friend had pushed their disabled vehicle off of the roadway when Mr. Darno heard his friend yell, "Run!" Mr. Darno ran, but a vehicle driving on the roadway struck him nonetheless. The responses do not contain any information about where Mr. Darno was with respect to his car, how much time had passed since he finished pushing the car, or how long or far he had run by the time the accident happened.

{¶3} Mr. Darno's vehicle was insured under an insurance policy issued by Westfield. He brought an action against Westfield seeking underinsured motorist coverage as a result of the accident, but Westfield maintained that he was excluded from coverage because he was "occupying" the vehicle within the meaning of his policy terms at the time of the accident. Westfield moved for summary judgment on the basis of Mr. Darno's responses to the request for admissions. The trial court granted Westfield's motion, and Mr. Darno appealed.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING WESTFIELD'S MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT REMAIN THAT MUST BE RESOLVED BY THE TRIER OF FACT.

{¶4} Although the proposition stated in Mr. Darno's assignment of error is that summary judgment was not proper because there are genuine issues of material fact, the substance of his argument is that summary judgment was improperly granted because Westfield did not meet its initial burden of demonstrating that it was entitled to summary judgment as a matter of law. More specifically, Mr. Darno has argued that the conclusory statements in the discovery responses are not enough to establish without further discovery whether he occupied the vehicle at the time of the accident. We agree.

{¶5} This Court reviews an order granting summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. A party that moves for summary judgment must inform the trial court

of the basis for the motion by demonstrating with reference to evidentiary materials in the record that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. The substantive law underlying the claims provides the framework for reviewing motions for summary judgment, both with respect to whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Burkes v. Stidham*, 107 Ohio App.3d 363, 371 (8th Dist.1995).

{¶6} The policy at issue provides that Westfield "will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or operator of an * * * 'underinsured motor vehicle' because of 'bodily injury' sustained by the 'insured' and caused by an 'accident.'" The policy, however, excludes coverage for bodily injured sustained by "[a]n individual Named Insured while 'occupying' or when struck by any vehicle owned by that Named Insured that is not a covered 'auto' for * * * Underinsured Motor Coverage[.]" According to the policy, "'[o]ccupying' means in, upon, getting in, on, out or off" of the vehicle. The question at issue is whether Mr. Darno was "occupying" the vehicle at the time of the accident. If so, this coverage exclusion applies.

{¶7} It is important to note at the outset that the posture of this case is different than many other cases interpreting the term "occupying." This is perhaps due in part to the fact that exclusions like the one in this policy were invalid under previous versions of R.C. 3937.18. *See Martin v. Midwestern Group Ins. Co.*, 70 Ohio St.3d 478 (1994), paragraph three of the syllabus. R.C. 3937.18(I) now permits this type of exclusion. *See generally State Farm Mut. Auto. Ins.*

*Co. v. Grace*, 123 Ohio St.3d 471, 2009-Ohio-5934, ¶ 26-28. Many cases that interpret the word "occupying," however, do so in a context in which a broad definition of the term favors coverage. This case presents the opposite scenario, as the exclusion at issue here would deny coverage to Mr. Darno. Although we are mindful of this distinction, some general principles from those cases are helpful in resolving this appeal.

{¶8} With respect to uninsured and underinsured motorist coverage, the term "occupying" has been afforded a broader meaning than the ordinary sense of the word, but its meaning should be liberally interpreted in favor of coverage. *See Kish v. Central Nat. Ins. Group*, 67 Ohio St.2d 41, 51-52 (1981). Applying this principle, the Ohio Supreme Court has concluded:

> In construing uninsured motorist provisions of automobile insurance policies which provide coverage to persons 'occupying' insured vehicles, the determination of whether a vehicle was occupied by the claimant at the time of an accident should take into account the immediate relationship the claimant had to the vehicle, within a reasonable geographic area.

*Joins v. Bonner*, 28 Ohio St.3d 398, 401 (1986). Applying this principle, one Court has explained that "a person 'out,' or 'off' of the vehicle need not be 'getting' in or 'getting' out or 'getting' off, but is within the policy definition of 'occupying' when he is 'out' or 'off' of the vehicle so long as there is a reasonable relationship to the vehicle at the time." *Pennington v. Ohio Cas. Ins. Co*, 63 Ohio App.3d 527, 531 (10th Dist.1989) (interpreting a policy provision that denied coverage unless the insured was "occupying" the vehicle). This Court has used the same analysis, noting that relevant facts include the insured's proximity to the vehicle in question, whether the insured was injured while performing a task "intrinsically related to the operation" of the vehicle, and the time period between operation of the vehicle and the accident at issue. *Westfield Group v. Cramer*, 9th Dist. Lorain No. 04CA008443, 2004-Ohio-6084, ¶ 19-

20. Other courts have done the same. *See*, *e.g.*, *Williams v. Safe Auto Ins. Co.*, 8th Dist. Cuyahoga No. 83882, 2004-Ohio-3741, ¶ 17; *Etter v. Travelers Ins. Cos.*, 102 Ohio App.3d 325, 328-330 (2d Dist.1995).

{¶9} While these cases in and of themselves are not dispositive of the issue in this appeal, they are instructive. Of particular significance is the observation that "[i]t is apparent from review of the above cases that the outcome of each case is highly fact sensitive." *Etter* at 330. In this case, however, Westfield moved for summary judgment very early in the trial court proceeding and based its motion solely on Mr. Darno's responses to its request for admissions. These provide, in relevant part:

[REQUEST:]

18. That Plaintiff, Tom Darno put the 4-way flashers on and started to push the jeep off of the road.

**ADMIT/DENY:**

Plaintiff admits that after the mechanical failure he put the four-way flashers on, completely exited the vehicle and started to [] push the Jeep off of the road.

[REQUEST:]

19. That while pushing the vehicle off of the road, Plaintiff heard Jacob Parkett yell[]: "Run"; so, Plaintiff ran.

**ADMIT/DENY:**

Plaintiff admits that after exiting the vehicle completely and after pushing the vehicle off of the road somewhat he heard Jacob Parkett yell "Run!" so he ran.

[REQUEST:]

20. That while running, Plaintiff got struck by a vehicle that had been driving on SR 45.

**ADMIT/DENY:**

Plaintiff admits that after exiting the vehicle completely and after pushing the Jeep off of the road somewhat and that while running from the Jeep he was struck by a vehicle driving on S.R. 45.

There is no genuine issue of material fact with respect to these responses, at least as far as they go. But that is only the first part of our analysis with respect to summary judgment. As the moving party, it was also Westfield's burden to point to evidence in the record demonstrating that it was entitled to judgment as a matter of law. *See Dresher*, 75 Ohio St.3d at 293. In order to establish that Mr. Darno was excluded from coverage because he occupied the vehicle when the accident happened, Westfield was required to point to evidence in the record that illustrated his relationship to the insured vehicle as explained above. The discovery responses upon which the motion was based do not demonstrate Mr. Darno's relationship to the vehicle beyond the general propositions that he had finished pushing it to the side of the road and had run for some distance. This is insufficient to demonstrate that he was "occupying" the vehicle when the accident occurred.

{¶10} Westfield, therefore, did not demonstrate that it was entitled to judgment as a matter of law with reference to the scant discovery materials in the record. In reaching this conclusion, we make no determination about the ultimate outcome of this case, and we do not intend to constrain the trial court's future legal analysis upon a more fully developed record. In other words, our decision is limited to the conclusion that in this case, summary judgment was premature upon the responses to the request for admissions alone. Mr. Darno's assignment of error is sustained.

III.

{¶11} Mr. Darno's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this case is remanded to the trial court for further proceedings.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

WILLARD E. BARTEL and GEOFFREY HICKEY, Attorneys at Law, for Appellant.

DAVID G. UTLEY, Attorney at Law, for Appellee.